UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00027-16-JRG-CRW |
| | ) | |
| NATHANIEL EFFLER | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Modify Term of Imprisonment [Doc. 1023] and the United States' Response in Opposition [Doc. 1027]. Acting pro se, Defendant moves the Court under 18 U.S.C. § 3582(c) to order his release to home confinement because of the COVID-19 pandemic, citing an underlying health condition. Defendant, however, does not claim that he or any other inmate housed in his facility has contracted COVID-19.

As an initial matter, the Court would be remiss if it did not point out that Defendant has counsel of record in this case. Because Defendant has legal representation, the Court cannot consider his motion on a pro se basis. *See* E.D. Tenn. L.R. 83.4(c) ("Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the Court, after notice by the party to the attorney and to the opposing party."); *see also Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (stating that a district court's local rules have "the force of law" (quotation omitted)). But even if the Court could consider his motion, it would still be unable to grant it.

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326

(6th Cir. 2010)). Although 18 U.S.C § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). Defendant, however, concedes that he has neither exhausted his administrative remedies nor submitted a request to the warden, maintaining that the exhaustion of either of these statutory requirements would "unduly prejudice [him] and cause an undue delay." [Def.'s Mot. at 4–5].

While the Court sympathizes with Defendant's concerns, it lacks license to excise either of these mandatory requirements from the statute. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." (citation omitted)); *United States v. Rutherford*, 442 U.S. 544, 555 (1979) ("[F]ederal courts do not sit as councils of revision, empowered to rewrite legislation in accord with their own conceptions of prudent public policy." (citation omitted)); *see also McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) ("The exhaustion doctrine also acknowledges the commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court."). Even so, the Court must recognize that in certain situations—situations in which a party

will endure undue prejudice or irreparable harm by resorting to administrative remedies—it *can* act on a motion despite any institutional interests favoring exhaustion. *McCarthy*, 503 U.S. at 146–150.

But undue prejudice requires a statute to contain an "unreasonable or indefinite timeframe for administrative action," *id.* at 147, and § 3582(c)(1)(A)'s thirty-day timeframe is fixed, not indefinite. Also, the Court cannot conclude—in light of the fact that Defendant does not claim that he or any other inmate in his facility has contracted COVID-19—that § 3582(c)(1)(A)'s thirty day timeframe is either unreasonable or would cause irreparable harm to him under the circumstances. *Cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) ("Critical here, however, there are no known COVID-19 cases at [the defendant's] present facility. . . . [and] her facility has implemented precautionary measures to protect those detained in the facility."); *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . . And given the Attorney General's directive that BOP 'prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic,' we anticipate that [§ 3582(c)(1)(A)'s] statutory requirement will be speedily dispatched in cases like this one.").

Even if § 3582(c)(1)(A)'s thirty-day exhaustion requirement were to expose Defendant to undue prejudice or irreparable harm, the Court would still be unable to act on his motion because this exhaustion requirement is jurisdictional in nature—meaning that the Court lacks

subject matter jurisdiction until Defendant exhausts his administrative remedies. *United States v. Dougherty*, No. 2:18-cr-229-2, 2020 WL 1909964, at *2 (S.D. Ohio Apr. 20, 2020) ("[M]any courts have held that the exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. This court agrees with the reasoning of these courts." (citations omitted)); *United States v. Dickson*, No. 1:19-cr-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (holding that the statute's thirty-day requirement is not waivable "due to the exigent circumstances presented by COVID-19" and noting that it "serves the important purpose of allowing the BOP—an agency that is in a better position to understand an inmate's health and circumstances relative to the rest of the prison population and identify 'extraordinary and compelling reasons' for release—the opportunity to address such requests in the first instance"); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) ("In the past few days, many other courts around the country have also concluded that a failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and that the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic." (citations omitted)); *see also United States v. Hall*, 661 F.3d 320, 322 n.1 (6th Cir. 2011) (noting that "the Supreme Court [has] recognized . . . that statutory time limits are generally jurisdictional"); *Raia* 954 F.3d at 597 ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.").

In sum, the Court, again, sympathizes with Defendant's concerns, but it is unable to consider his motion until he exhausts his administrative remedies under § 3582(c)(1)(A). Defendant's motion [Doc. 1023] is therefore **DENIED**.

So ordered.

ENTER:

                                  s/J. RONNIE GREER
                        UNITED STATES DISTRICT JUDGE